**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| CONNIE KING, individually, and on behalf of all others similarly situated, § § § *Plaintiff,* § § v. § § HYUNDAI MOTOR COMPANY, LTD., § HYUNDAI MOTOR AMERICA, and § POTAMKIN HUMBLE HY, LP d/b/a § HUMBLE HYUNDAI § § *Defendants.* § | Case No. 4:24-cv-371 **PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT** **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Plaintiff Connie King, individually and on behalf of all other persons similarly situated, brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants Hyundai Motor Company, Ltd., Hyundai Motor America (collectively, "Hyundai"), and Potamkin Humble HY, LP d/b/a Humble Hyundai. This lawsuit seeks remuneration for Defendants' faulty design of its Hyundai 2020 Santa Fe, failure to provide legally requisite services under Defendants' warranties, and to obtain redress for all persons injured by their conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys:

### I. OVERVIEW

1. This action arises out of defective component of the Hyundai 2020 Santa Fe. Plaintiff bought her Hyundai 2020 Santa Fe bearing VIN No. 5NMS33ADXLH23688 ("Vehicle") because it had been advertised as a reliable car. Yet the gas tank door, or fuel filler door as Hyundai refers to it, on Plaintiff's car stopped working abruptly after less than 5 years of use. Accordingly,

she had her car taken to the Hyundai dealership Potamkin Humble HY, LP d/b/a Humble Hyundai ("Humble Hyundai"). The technicians did not know what was wrong with the fuel filler door and had to break it open, pictured below, before charging Plaintiff nearly $800 to fix the defective—either in the design or manufacturing process—component while telling her that they see this issue all the time.



2. After Plaintiff found the fuel filler door lever malfunction appears to be a pervasive problem Santa Fe owners are forced to repair on their own dollar, she sues on behalf of herself, and all others similarly situated, against Defendants to cover the costs of their defective component and repair charges.

## II. PARTIES

3. Plaintiff Connie King is a Texas Resident and may be contacted through her attorneys at Ellzey & Associates, PLLC.

4. Defendant Hyundai Motor Company, Ltd., is a foreign corporation doing business in Texas, and service of process upon this Defendant may be had by serving its President at 231 Yangjae-Dong, Seocho-Gu, Seoul 137-938, Korea, or wherever he may be found via registered mail under Article 10(a) of the Hague Convention, Articles 17.042(2) and 17.045(a)(d) of the Texas Civil Practice and Remedies Code, and Rule 108a(d)(f) of the Texas Rules of Civil Procedure.

5. Defendant Hyundai Motor America is a California corporation with its principal place of business at 10550 Talbert Avenue, Fountain Valley, California 92708. Hyundai Motor America is engaged in business in this state under that term as defined by§ 17.042, TEX. CIV. PRAC. & REM. CODE, and may be served via its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporated, at 211 E. 7th St., Suite 620, Austin, TX 78701.

6. Defendant Potamkin Humble HY, LP d/b/a Humble Hyundai is Delaware business organization doing business in the State of Texas. Humble Hyundai's dealership is located at 18877 Highway 59 N Humble, TX, 77338-4222. Humble Hyundai is engaged in business in this state under that term as defined by§ 17.042, TEX. CIV. PRAC. & REM. CODE, and may be served via its registered agent, National Registered Agents, Inc., at 1999 Bryan St., Suite 900, Dallas, TX 75201.

7. Plaintiff does not yet know the identity of Defendants' employees/agents that had direct, personal participation in, or personally authorized, the conduct found to have violated the law, and were not merely tangentially involved. Upon learning of the identities of said individuals, Plaintiff will move to amend to name the individuals as Defendants.

8. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or

employees, subsidiaries, or affiliates committed such act or omission. It also means that when such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants, or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendants.

10. The Court has personal jurisdiction over Defendants because they conduct significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and emanated from this District.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff is a citizen of Texas, a substantial part of the events giving rise to Plaintiff's claims took place within this District, and documents and witnesses are likely to be located within this District. And, Defendants distributed, advertised, and sold the Hyundai 2020 Santa Fe, which is the subject of the present complaint, in this District.

12. The Court has jurisdiction in this cause since the damages to Plaintiff and all others similarly situated exceeds the minimum jurisdictional limits of this court.

### IV. GENERAL FACTUAL ALLEGATIONS

13. Defendants designed, built, or sold Hyundai 2020 Santa Fe vehicles to Plaintiff, and the future Class Members, with a warranty it would be functional over time. Despite being aware of the Hyundai 2020 Santa Fe's design defects, Defendants have not issued a mandatory recall of the commercial model despite Hyundai acknowledging there is an issue with the fuel filler

door, as noted in Hyundai's Technical Service Bulletin No. 20-BD-017H. Exhibit 1. This problem has also been noted by the public online. *See* Exhibits 2 & 3.

14. Defendants never tried to send individual notice to affected owners of defective Hyundai 2020 Santa Fes. Defendants could have attempted to notify these individuals through warranty and registration records, but no such effort was made.

15. Defendants had a duty to disclose that the Hyundai 2020 Santa Fes suffered from a design or manufacturing defect. They instead said nothing about the gas tank design defect, or about the crucial importance of the safety repair.

16. Because of this existing defect, and Hyundai's refusal to acknowledge and address it, thousands of Santa Fe owners have been forced to pay for repairs necessary to make the fueling port functional. Hyundai's conduct here unjustifiably passes the problem and expense onto the consumer who has paid Humble Hyundai and Hyundai for a fully functioning vehicle.

## V.     FACTS SPECIFIC TO PLAINTIFF

17. On about November 29, 2023, Plaintiff's fuel filler door of the gas tank on the Vehicle would not open and she had it taken to Humble Hyundai to investigate the issue. Humble Hyundai determined the fuel filler door actuator failed but could not determine the cause of the failure. As such, it determined it had to replace the Vehicle's fuel filler door actuator and gas cap filler assembly by breaking open the Vehicle's fuel filler door of the gas tank, pictured *supra* at ¶ 1. This work—which dealerships and mechanics are performing nationwide on Hyundai's orders—damaged the Vehicle's fuel door actuator and gas cap filler assembly, resulting in a nearly $800 charge for the components and repairs.

18. One or more of the warranties Defendants provided to Plaintiff with respect to the Vehicle constitute express warranties under TEX. BUS. & COM. CODE § 2.313. The Vehicle also

included an implied warranty of merchantability running from Defendants to the benefit of Plaintiff as provided under Tex. Bus. & Com. Code § 2.314.

19. All these allegations are made very early in the prosecution of the case and without the ability to fully discover the contentions and evidence known only to Defendants and are therefore subject to supplementation or amendment based on further investigation. Defendant Hyundai Motor Company, Ltd. designed, developed, manufactured, and assembled the 2020 Santa Fe, which was unreasonably and dangerously defective in its design, development manufacture, and assembly of the Vehicle. The defective nature of the Vehicle was a proximate and producing cause of the damages to Plaintiff and all others similarly situated, thus rendering Defendant Hyundai Motor Company, Ltd. strictly liable.

## VI. STANDING

20. Plaintiff has standing to bring this suit on behalf of herself and the members of the class under Article III of the United States Constitution. Plaintiff's claims states: (a) a valid injury in fact; (b) an injury which is traceable to the conduct of Defendants; and (c) is likely to be redressed by a favorable judicial decision. *See Spokeo v. Robins*, 578 U.S. 330 (2016) at 6; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

## VII. CLASS ALLEGATIONS

21. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and the following class defined as follows ("Class"):

> **"Consumer Class":** All individuals in the United State who, in the four years preceding this action who purchased a Hyundai 2020 Santa Fe sourced from Defendants.

22. These individuals are excluded from the Class:

   a. any Judge or Magistrate presiding over this action and members of their families;

b. Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and its current or former employees, officers, and directors;

c. Plaintiff's counsel and Defendants' counsel;

d. persons who properly execute and file a timely request for exclusion from the Class;

e. the legal representatives, successors or assigns of any such excluded persons; and

f. persons whose claims against Defendants have been fully and finally adjudicated or released.

23. This suit seeks only damages, statutory penalties, and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

24. Plaintiff reserves the right to expand the Class's definition to seek recovery on behalf of other persons as warranted as facts are learned in further investigation and discovery.

25. Plaintiff and members of the Class were harmed by Defendants' acts in at least these ways: Defendants, either directly or through agents, illegally denied Plaintiff and those similarly situated a reasonably workable vehicle. Instead, Defendants provided vehicles that could not use fuel efficiently, which hurt their consumers.

A. **Numerosity**

26. The exact size of the Class is unknown and not available to Plaintiff right now, but it is clear individual joinder is impracticable.

27. On information and belief, Defendants illegally charged Plaintiff and those similarly situated for costs that Defendants should have covered.

B. **Commonality and Predominance**

28. There are many questions of law and fact common to the claims of Plaintiff and the

Class, and those questions predominate over any questions that may affect individual members of the Class.

29. Common questions for the Consumer Class include, but are not necessarily limited to the following:

- Whether Defendants' conduct violated the Magnusson-Moss Warranty Act; and
- Whether Defendants breached their express or implied warranties to consumers.

### C. Typicality

30. Plaintiff's claims are typical of the claims of the other members of the Class.

31. Plaintiff and the Class sustained damages from Defendant's uniform wrongful conduct during and after transactions with Plaintiff and the Class.

### D. Adequate Representation

32. Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions.

33. Plaintiff has no interest being antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

### E. Policies Generally Applicable to the Class

34. This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole. Such actions require the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole.

35. Defendants' practices challenged here apply to and affect the Class's members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct toward the Class as a whole, not on facts or law applicable only to Plaintiff.

### F. Superiority

36. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

37. The damages suffered by the individual members of the Class will likely be small, especially given the burden and expense of individual prosecution of the complex litigation required by Defendants' actions.

38. Thus, it would be nigh impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct.

39. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

40. By contrast, class actions present far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## VIII. Causes of Action

### A. Negligence of Hyundai Motor America and Hyundai Motor Company, Ltd.

41. Plaintiff incorporates by reference every allegation set forth above as though fully stated and realleged.

42. Defendants Hyundai Motor Company, Ltd. and Hyundai Motor America failed to use ordinary care in the design, marketing, manufacture, and sale of the Vehicle. In particular, the Vehicle was designed, produced, and sold with a gas cap filler assembly and fuel door actuator that were subject to failure, a fact well known to Defendants. Defendants Hyundai Motor

Company, Ltd. and Hyundai Motor America issued no warning to Plaintiff or the public in this regard. The negligence of Hyundai Motor Company, Ltd. and Hyundai Motor America proximately caused Plaintiffs damages.

**B. Negligence of Potamkin Humble Hyundai, LP d/b/a Humble Hyundai**

43. Plaintiff incorporates by reference every allegation set forth above as though fully stated and realleged.

44. Plaintiff would show that Defendant Potamkin Humble HY, LP d/b/a Humble Hyundai damaged the Vehicle while performing repair services by breaking the fuel filler door assembly and fuel door actuator. Defendant Humble Hyundai was negligent in the performance of such services. The negligent repair of the Vehicle resulted in the Vehicle being damaged and Plaintiff being forced to pay for the other damage. The negligence of Defendant Humble Hyundai proximately caused Plaintiff's damages.

**C. Potamkin Humble Hy, LP d/b/a Humble Hyundai's Breach of Express and Implied Warranties**

45. Plaintiff incorporates by reference every allegation set forth above as though fully stated and realleged.

46. Plaintiff would show that Defendant Potamkin Humble Hy, LP d/b/a Humble Hyundai breached the express warranty for services. Defendant Humble Hyundai sold services to Plaintiff and made representations about the quality or characteristics of the services it provided to Plaintiff. These representations made the basis of the bargain between Defendant Humble Hyundai and Plaintiff. Defendant Humble Hyundai breached this warranty. Because of this breach, Plaintiff has suffered damages as set forth here.

47. In addition, Plaintiff would show that Defendant Humble Hyundai breached the implied warranty of good and workmanlike services. Defendant Humble Hyundai sold services to

Plaintiff consisting of repairing the fuel tank door of the Vehicle. Defendant Humble Hyundai did not perform the services in a good and workmanlike manner. As a result of Defendant Humble Hyundai failing to perform the services in a good and workmanlike manner, Plaintiff has suffered damages as set forth here.

    **D. Violations of Magnusson-Moss Warranty Act Against All Defendants**

48. Plaintiff incorporates by reference every allegation set forth above as though fully stated and realleged.

49. Plaintiff is a "Consumer" as defined under 15 U.S.C. § 2301(3), as are those similarly situated.

50. Defendants are each a "Supplier" and a "Warrantor" as defined under 15 U.S.C. § 2301(4) and 15 U.S.C. § 2301(5).

51. The Vehicle is a "Consumer Product" as defined under 15 U.S.C. § 2301(1).

52. The Vehicle was manufactured, sold, and purchased after July 4, 1975.

53. One or more of the warranties Defendants provided to Plaintiff were a "written warranty" as defined under 15 U.S.C. § 2301(6), and/or a "service contract" as defined under 15 U.S.C. § 2301(8).

54. The above-described actions and omissions by Defendants (including, but not limited to, failing to honor the written warranty, failing to properly repair the Vehicle, and failing to cure the Vehicle's defects within a reasonable time) breach Defendants' written warranty, actionable under the Magnuson-Moss Warranty Act pursuant to 15 U.S.C. § 2310.

55. The above-described actions and omissions by Defendants (including, but not limited to, Defendants' delivery of the unmerchantable Vehicle and installation of unmerchantable replacement parts on the Vehicle) breach implied warranty of merchantability Defendant provided

to Plaintiff with respect to the Vehicle, actionable under the Magnuson-Moss Warranty Act pursuant to 15 U.S.C. § 2310.

56. Plaintiff seeks costs and expenses, including attorneys' fees, as provided under 15 U.S.C. 2310(d)(2), for herself and those similarly situated.

## IX. DAMAGES

57. Defendants injured Plaintiff, and those similarly situated, by marketing and selling a faulty product that fails, and then forcing consumers (like Plaintiff, and those similarly situated) to cover the repair cost for the parts and services. As a result of Defendants' actions, Plaintiff has suffered property damage, including loss of use.

58. The damages sought by Plaintiff are within the jurisdictional limits of this Court.

## X. REQUEST FOR TRIAL BY JURY

59. Plaintiff respectfully requests of this honorable court a trial by jury of her peers to fully and resolve this matter. The jury fee has been tendered.

## XI. RESERVATION OF RIGHTS

60. These allegations against Defendants Hyundai Motor Company, Ltd., Hyundai Motor America, and Potamkin Humble HY, LP d/b/a Humble Hyundai are made acknowledging that this lawsuit is still in its early stages, and investigation, although undertaken, is continuing. As further investigation is conducted, additional facts will be uncovered that may and probably will require further, additional, or different allegations, including the potential of adding parties io the case or dismissing parties from the case. The right to do so, under Texas law, is expressly reserved.

## XII. PRAYER FOR RELIEF

For all these reasons, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial Plaintiff have judgment against Defendants, jointly and severally, for:

a. actual damages in accordance with the evidence;

b. prejudgment interest as provided by law;

c. post-judgment interest as provided by law;

d. costs of court/suit;

e. attorney's fees; and

f. such other relief to which Plaintiff may show herself justly entitled at law and in equity.

*(Signatures on next page)*

Respectfully submitted,

**ELLZEY & ASSOCIATES, PLLC**

 /s/ *Jarrett L. Ellzey*
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@ellzeylaw.com
Leigh S. Montgomery
Texas Bar No. 24052214
leigh@ellzeylaw.com
Alexander G. Kykta
Texas Bar No. 24107841
alex@ellzeylaw.com
1105 Milford Street
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455

**ATTORNEY TOM & ASSOCIATES**
Tom Kherkher
Texas Bar No. 24113389
tom@attorneytom.com
Eric Cardenas
Texas Bar No. 24123897
eric@attorneytom.com
5909 West Loop South Suite 525
Houston, Texas 77401
Phone: (855) 866-9467

***Attorneys for Plaintiff***